UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN REINHART,

       Plaintiff,                                    Case No. 22-cv-11074

v.

                                                           HON. MARK A. GOLDSMITH

CITY OF BIRMINGHAM,

       Defendant.
_____/

**OPINION & ORDER DENYING DEFENDANT'S MOTION FOR AWARD OF ATTORNEY'S FEES (Dkt. 83)**

This matter is before the Court on Defendant City of Birmingham's motion for an award of attorney's fees to the prevailing party (Dkt. 83). For the reasons set forth below, the Court denies the City's motion.

### I.    BACKGROUND

Plaintiff John Reinhart filed this action against the City of Birmingham, asserting that the City's construction project that reduced parking on South Old Woodward Avenue violated the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Compl. ¶¶ 1–5, 51, 53–72 (Dkt. 1). Reinhart alleged that he is disabled in ways that substantially limit his ability to walk. Id. ¶ 11. Reinhart also alleged that the project made South Old Woodward Avenue less accessible because it reduced on-street parking. Id. ¶¶ 25, 32–34, 51. Reinhart alleged that the City's completion of the project discriminated against him based on his disability in violation of Title II of the ADA. Id. ¶¶ 69–72.

The Court granted the City's motion for summary judgment. 9/26/24 Op. & Order at 16–17 (Dkt. 81). The Court of Appeals for the Sixth Circuit affirmed. Reinhart v. City of Birmingham,

1

Mich., No. 24-1954, 2025 WL 2426820, at *1 (6th Cir. Aug. 22, 2025). Prior to the appeal, the City filed the instant motion for attorney fees to the prevailing party.[1]

## II.    ANALYSIS

The City contends that it is entitled to attorney's fees as the prevailing party in this lawsuit under the American with Disabilities Act's fee-shifting provision which states that "the court…, in its discretion, may allow the prevailing party… a reasonable attorney's fee, including litigation expenses, and costs…" 42 U.S.C. §12205. The statute creates an exception to the general rule that "litigants must pay their own attorney's fees." Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n, 434 U.S. 412, 415 (1978).

A district court may award attorney fees to a prevailing defendant in a civil rights action "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. at 412; see also Baker v. Windsor Republic Doors, 414 F. App'x 764, 780 (6th Cir. 2011) (adopting the same standard for ADA actions). Determining whether to award attorney fees to a defendant "requires inquiry into the plaintiffs' basis for bringing suit" and "will depend on the factual circumstances of each case." Smith v. Smythe-Cramer Co., 754 F.2d 180, 183 (6th Cir. 1985) (regarding attorney fee provision under 42 U.S.C. § 1988).

The "award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." Jones v. Cont'l Corp., 789 F.2d 1225, 1232 (6th Cir. 1986). A district court must resist the temptation to engage in post hoc reasoning by finding an action unreasonable or groundless simply because the plaintiff did not ultimately prevail. Christiansburg Garment Co., 434 U.S. at 421–422. Otherwise, courts would

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

2

"discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success," thereby undercutting Congress's efforts to promote enforcement of civil rights actions. Id. at 422 (punctuation modified).

The City contends that Reinhart's claims are the type of egregious claims that warrant an attorney's fees award to the prevailing defendant. They are not. Although Reinhart's claims were unsuccessful, they were not frivolous, unreasonable, or without foundation.

### A. Qualifying Disability

The City argues that Reinhart's claims are frivolous because he knew when he filed suit that he was not a qualified individual with a disability and continued to litigate, even though he did not have a substantial walking limitation. Mot. Att'y Fees at PageID.2924 (Dkt. 83). To prove that he is actually disabled, Reinhart needed to demonstrate:

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment

42 U.S.C. § 12102. There is no question that Reinhart had a physical impairment, but the City's argument hinges on Reinhart's failure to establish that his back and hip injuries "substantially limits one or more major life activities."

Although the Court found that Reinhart did not produce sufficient evidence that he was disabled, Reinhart did provide evidence indicating that he reasonably believed his injuries posed a substantial limitation on his ability to walk. For example, Reinhart testified that he has used a walker to get from his parking spot to the 555 Building on South Old Woodward Avenue, and that on days that he had significant pain he parked in a handicap spot on the street or other street parking. Reinhart Dep. Tr. at 31, PageID.2956 (Dkt. 83-3). Without his rigorous exercise regimen,

3

Reinhart was unable to get out of bed. Id. at 33, PageID.2956. He also noted that when he walked longer distances, he sometimes needed to pause around the half-mile mark before continuing. Id. at 50 at PageID.2961, id. at 56 at PageID.2962.

Although the Court found that Reinhart's back and hip injuries did not rise to the level of a disability, it was not unreasonable for him to believe he had a qualifying disability, given his occasional difficulty walking. See Hill v. City of Scranton, No. 4:CV 01-744, 2005 WL 2371989, at *2 (M.D. Pa. Sept. 27, 2005) (finding that although plaintiff's stomach problems did not substantially limit one or more major life activities, the court was "satisfied from [plaintiff]'s testimony that he suffered from a bothersome stomach ailment," and it was not unreasonable for plaintiff to seek relief given his knowledge that others had done the same).

### B. Intentional Discrimination

Reinhart puts forth both an intentional discrimination claim and a disparate impact theory of intentional discrimination. To prove intentional discrimination, Reinhart "must present evidence that animus against the protected group was a significant factor in the position taken by municipal decision-makers themselves or by those to whom the decision-makers were knowingly responsive." Anderson v. City of Blue Ash, 798 F.3d 338, 357 (6th Cir. 2015).

Reinhart only provided statements reflecting that City officials understood that some pedestrians would have to walk farther to reach their destination; but they did not reflect animus toward the disabled. Beyond his subjective belief that the statements amounted to discrimination towards the disabled, Reinhart failed to provide any additional evidence to support his claim that the City intentionally discriminated against him. Although this claim was ultimately rejected, Reinhart did provide a reasonable argument under a disparate impact theory, discussed below.

**C. Disparate Impact**

Reinhart argued that the project violated 28 C.F.R. § 35.151 because it resulted in an overall reduction of parking that rendered South Old Woodward Avenue less accessible. This Court concluded in its summary judgment ruling that the reasoning in Jones v. City of Monroe foreclosed Reinhart's claim based on the theory that a reduction of parking spaces, coupled with increased demand for parking, constitutes a violation of Title II of the ADA. 341 F.3d 474 (6th Cir. 2003), overruled on other grounds by Lewis v. Humboldt Acquisition Corp., Inc., 681 F.3d 312 (6th Cir. 2012). However, this Court also acknowledged that there was no case directly on point, making Reinhart's proposition, based on out-of- circuit cases that he cited, a colorable one.

Other courts have similarly found that a plaintiff's claims are not unreasonable or frivolous where the plaintiff simply seeks to take advantage of ambiguity or unresolved questions left by precedent. See Baker, 414 F. App'x at 780 (affirming that plaintiff's claim under the ADA was not without foundation because a legitimate issue regarding the weight to be given to the relevant language in Sixth Circuit precedent existed, and "[plaintiff's] legal counsel cannot be faulted for seeking to take advantage of a seeming ambiguity in this court's previous decision"); see also Kohler v. Bed Bath & Beyond of Cal., LLC, 780 F.3d 1260, 1267 (9th Cir. 2015) (finding that the district court erred in concluding plaintiff's claims were frivolous where they "were not clearly resolved by our prior caselaw interpreting the ADA").

Here, Reinhart's argument was rejected because it was unpersuasive, not because it was frivolous, unreasonable, or groundless. Thus, Reinhart's claims do not warrant the extreme sanction of awarding the City attorney's fees.

## CONCLUSION

For the foregoing reasons, the City's motion for award of attorney's fees (Dkt. 83) to the prevailing party is denied.

5

SO ORDERED.

Dated: September 29, 2025  　　　　　　　　　s/Mark A. Goldsmith  
Detroit, Michigan  　　　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2025.

　　　　　　　　　　　　　　　　　　　　　s/Joseph Heacox  
　　　　　　　　　　　　　　　　　　　　　JOSEPH HEACOX  
　　　　　　　　　　　　　　　　　　　　　Case Manager